**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Smithers, et al. | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. C-06-133 |
| | § | |
| City of Corpus Christi, Texas | § | |
|     Defendant | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

On March 24, 2006, plaintiffs filed a motion for a temporary restraining order. The Court heard oral arguments on the motion the same day. Plaintiffs request that the Court enjoin the City of Corpus Christi from leveling fines against the owner of 326 Meldo Park for violations of the City's municipal ordinances. According to city inspectors, the house is being operated as a "boarding house," which is in violation of the zoning restrictions for the neighborhood in which it is located. The house is also allegedly in violation of the fire code. For these violations the owner is faced with fines of up to $2,000 per day. The residents of the house were issued repeated warnings prior to the date that the fines were to begin to accrue, which was the same day that this motion was filed.

Plaintiffs are 20 individuals living together in the house at 326 Meldo Park in an attempt to assist each other in their collective recovery from drug and alcohol addictions. Plaintiffs share the expenses of living in the house, including reimbursing the owner for

the mortgage.  Plaintiff Cody Smithers is the actual owner of the property.  The house is located in an area zoned for single-family residential occupancy.

Plaintiffs claim that the City's zoning laws are in conflict with the anti-discrimination provisions of the Fair Housing Act (FHA).  42 U.S.C. § 3601 *et seq.*  Specifically, plaintiffs argue that because they are in recovery for drug and alcohol addiction they are "disabled" under the FHA and are therefore protected persons under the Act.  Plaintiffs claim that the residents of 326 Meldo Park are operating as a family unit and that to treat them differently from other families in the zoning area is in violation of the Supreme Court's interpretation of the FHA.  *City of Edmonds v. Oxford House, Inc., et al.*, 115 S.Ct. 1776 (1995)

Plaintiffs claim that the City has brought criminal charges against the owner of 326 Meldo Park for violations of municipal ordinances.  The Supreme Court has set out the rule that federal courts generally should refrain from considering requests to enjoin state criminal proceedings pending at the time a federal action is instituted except in the "very unusual situation" where an injunction is necessary to prevent "great and immediate irreparable injury."  *Ohio Civil Rights Commission et al., v. Dayton Christian Schools, Inc., et al.*, 106 S.Ct. 2718, 2722 (1986) (citing *Younger v. Harris et al.*, 91 S.Ct. 746 (1971).

Neither party in this case have yet addressed the factors to be considered when a Court makes a *Younger* abstention.  *See Texas Association of Business et al., v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).  It is apparent, however, that plaintiffs have so far not

elected to pursue their state judicial remedies and contest their fines under application of the FHA, an avenue which might afford an adequate opportunity for the resolution of their claims. No one is being forcibly evicted from the house and the City is making no move to evict anyone in the future. Rather, plaintiffs are only threatened with a fine. The mere loss of money, for which a plaintiff can be compensated through money damages, is typically not an "irreparable injury" for the purposes of injunctive relief. *DFW Metro Line Services v. Southwestern Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990).

At this point, the Court has not been convinced that it should not abstain from issuing an injunction. Accordingly, plaintiffs' motion for a temporary restraining order is DENIED.

Ordered this    27    day of    March   , 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE